IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civ. Action No. 1:20-cv-03650-RMR-STV

**ANITA BERTISEN**, an individual, and
**JASPER BERTISEN**, an individual,

    Plaintiffs,

v.

**THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**, a Connecticut corporation,

    Defendant.

---

### SUPPLEMENTAL COMPLAINT

---

COME NOW Anita Bertisen and Jasper Bertisen (collectively, the "Bertisens"), by and through counsel, and allege and aver as follows for their Supplemental Complaint:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different States. The Bertisens are Colorado residents. Travelers is an insurance company domiciled in the State of Connecticut with its main office in Hartford, Connecticut.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and omissions giving rise to this Complaint took place

in this judicial district. The Bertisens purchased an insurance policy, Policy No. 0CHR34-996023717-633-1 (the "Policy," **Exhibit 1**), covering their home located at 25704 Bristlecone Court, Golden, Colorado 80401 (the "Property"). The Policy was entered into in Colorado, and the events described in this Complaint, including the torts committed by Travelers, occurred in Colorado.

## PARTIES

3. The Bertisens are individuals residing in Colorado.

4. Travelers is an insurance company that, at all relevant times, was licensed to conduct the business of insurance in Colorado and performs substantial business within the State of Colorado.

## GENERAL ALLEGATIONS

5. The Bertisens reallege each and every allegation contained in this Supplemental Complaint as if fully set forth herein.

6. The Property consists of the Bertisen's multi-story residential home and outdoor deck. The roof of the Bertisens' home is over 4,500 square feet, and consists of roof tiles; their home has stucco siding and the windows have wooden frames.

7. The Policy is a contract of insurance where in exchange for timely payments called "premiums," Defendant will provide insurance coverage for the Property on a replacement cost value ("RCV") basis.

8. Under the Policy, if the Property is damaged by a covered cause of loss, such as wind or hail, then Defendant will pay the amount it takes to replace the damaged property, less the applicable deductible.

9. The Bertisens made timely premium payments and otherwise complied with their contractual obligations under the Policy.

10. On May 8, 2017, a severe hail storm hit Jefferson County, Colorado.

11. The May 8, 2017 storm caused significant damage to the Property's roof, skylights, stucco, windows, deck, and caused interior leaks in the dining room, study, and master bath.

12. Anita Bertisen reported the loss to Travelers on or about May 12, 2017.

13. Travelers denied coverage for the Bertisens' roof.

14. Travelers claimed that the Bertisens' roof was damaged due to wear and tear.

15. Travelers and the Bertisens were unable or unwilling to come to an agreement on the amount of the loss caused by the May 8, 2017 hail storm.

16. The Policy provides:

> 7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

17. The Bertisens and Travelers submitted the claim to appraisal to resolve the amount of loss pursuant to the Policy.

18. Travelers' appraiser retained an engineer who determined that hail occurring on May 8, 2017 likely caused damage to at least some of the roofing tiles.

19. The appraisers were unable or unwilling to come to an agreement on the amount of the loss.

20. The appraisers were unable or unwilling to come to an agreement on an umpire.

21. The parties submitted petitions to Colorado District Court in Jefferson County, requesting that the court appoint an umpire. Case No. 2020CV30156. The Court appointed Mr. Scott Nunnery as umpire on March 23, 2020.

4

22. Mr. Nunnery declined the appointment.

23. Travelers petitioned for the appointment of Ms. Linda McGowan.

24. The Court reopened the claim and appointed Ms. Linda McGowan as umpire on May 19, 2020.

25. On October 13, 2020, Ms. McGowan signed an appraisal award appraising the amount of loss to be $157,141.19.

26. On October 15, 2020, Mr. Trujillo also signed off on the appraisal award setting the amount of loss to be $157,141.19 ("Appraisal Award," **Exhibit 2**).

27. The Appraisal Award specifies that the amounts awarded are required to repair the hail damage from the May 8, 2017 hailstorm.

28. On or about December 14, 2020, Travelers issued a denial and reservation of rights letter. ("Denial Letter," **Exhibit 3**).

29. Travelers stated in its Denial Letter that it would not pay costs associated with a full roof replacement in the amount of $57,339.84 out of the Appraisal Award because it considered the roof to need replacing due to "aesthetics" and "wear and tear over time."

30. Travelers also stated in its Denial Letter that it did not consider the appraisal panel to have the authority to determine causation, citing to its sister company's appeal on the issue in *The Travelers Indemnity Company v. BonBeck Parker, LLC*, 20-1192 as authority.

31. Travelers issued payment of $63,385.07 on or about December 15, 2020.

32. The umpire, Ms. McGowan, clarified her position in an email on March 16, 2021, stating that the Bertisens' roof needed to be entirely replaced due to damage from the May 8, 2017 storm. **Exhibit 4**.

33. Mr. Ken Medina, the Bertisens' contractor, informed Travelers that all work was complete at the Bertisen's Property on April 12, 2021.

34. Travelers issued payment of what it considered to be the recoverable depreciation in the amount of $20,843.33, on or about August 3, 2021.

35. On October 1, 2021, the Tenth Circuit rejected Travelers' Indemnity Company of America's argument in *BonBeck Parker*, deciding that the applicable insurance policy's appraisal clause, which authorized the appraisal panel there to determine the amount of the loss, gave the panel purview over the cause of the loss. *Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.*, 14 F.4th 1169, 1179-80 (10th Cir. 2021).

36. The Bertisens paid $157,141.19 to The Roof Dr. for completion of all repairs outlined in the Appraisal Award.

37. The Bertisens also paid Elevation Restoration $7,589.21 for temporary repairs, and replaced personal property items prior to the appraisal for $4,535.35.

## FOURTH CLAIM FOR RELIEF
(Bad Faith Breach of Insurance Contract)

38. The Bertisens reallege each and every allegation contained in this Complaint as if fully set forth herein.

39. Under the Policy's implied covenant of good faith and fair dealing, Defendant covenanted that it would deal with Plaintiff fairly and honestly, and do nothing to impair, hinder, or injure its rights to benefits under the Policy.

40. Through the acts and omissions described above, Defendant breached that covenant, as its conduct fell below the applicable common law and industry standards of care, violated the duties of good faith and fair dealing, and constituted the tort of bad faith breach of an insurance contract.

41. Defendant's acts and omissions were unreasonable and Defendant knew so.

42. Defendant's acts and omissions were committed in disregard of Plaintiff's reasonable expectations as an insured under the Policy.

43. Defendant breached its duty of good faith and fair dealing through the following unreasonable acts, among others:

    a. Depriving Plaintiff of the benefits and protections it purchased through the Policy;

    b. Failing to adopt and implement reasonable standards for the prompt investigation and payment of claims arising under the Policy;

    c. Refusing to timely inform Plaintiff of coverage it was entitled to under the Policy;

    d. Placing its own interests above those of Plaintiff;

  e. Failing to acknowledge and act reasonably promptly upon communications with respect to the claim arising under the Policy;

  f. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims arising under the Policy after liability has become reasonably clear;

  g. Misrepresenting Policy provisions and coverages; and

  h. Other conduct to be revealed in discovery.

44. As a direct and proximate result of Defendant's bad faith breach of the Policy, Plaintiffs are entitled to damages in amounts to be proved at trial.

## FIFTH CLAIM FOR RELIEF
(Violation of C.R.S. § 10-3-1115 & Relief Under C.R.S. § 10-3-1116)

45. The Bertisens reallege each and every allegation contained in this Supplemental Complaint as if fully set forth herein.

46. Section 10-3-1115(1) and (2), C.R.S., forbids insurers such as Defendant from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant.

47. Plaintiffs are first-party claimants as that term is defined in C.R.S. § 10-3-1115(1)(A)(I).

48. Defendant is an entity engaged in the business of insurance.

8

49. Defendant denied and/or delayed payment of first-party benefits owed to Plaintiffs and did so without a reasonable basis within the meaning of C.R.S. § 10-3-1115(2).

50. Defendant's conduct fell below the applicable common law and industry standards of care.

**WHEREFORE**, Anita Bertisen and Jasper Bertisen, respectfully request a trial by jury to award damages as follows:

    a. For all covered benefits due under the Policy;

    b. For other compensatory economic damages as may be proved at trial;

    c. For noneconomic damages caused by Defendant's conduct for amounts to be determined by the jury;

    d. For two times the covered benefit as permitted by § 10-3-1116(1), C.R.S.;

    e. For reasonable attorneys' fees, costs and expenses incurred herein, as permitted by § 10-3-1116(1), C.R.S.;

    f. For all pre- and post-judgment, statutory and moratory, as permitted by law; and

    g. For such other and further relief as the law permits and this Court deems just and proper.

Dated this 28th day of February, 2022.

        Respectfully submitted,

        *s/Katherine E. Goodrich*
        Katherine E. Goodrich
        Rodney J. Monheit
        MoGo LLC
        2701 Lawrence Street
        Suite 113
        Denver, Colorado 80205
        Tel: (303) 357-1317
        katie@mogollc.com
        rodney@mogollc.com

        *Attorneys for Plaintiffs*