FG FORAN GLENNON

December 14, 2020

**Sent Via Email:**
Katherine Goodrich
Rodney Monheit
MoGo LLC
2701 Lawrence St.
Denver, CO 80205
katie@mogollc.com
Rodney@mogollc.com

| | | |
|---|---|---|
| Re: | Insureds: | Jasper and Anita Bertisen |
| | Claim No.: | SNY6214 |
| | Policy No.: | 996023717-633-1 (the "Policy") |
| | Location: | 25704 Bristlecone Ct., Golden, CO 80401 (the "Property") |
| | Date of Loss: | 5/8/2017 |

Counsel,

Travelers is in receipt of a signed appraisal award in the above captioned claim. It is Travelers' position that the appraisal award exceeds the proper scope of appraisal and impermissibly includes repair costs that are not covered and excluded under the Policy issued by Travelers to Jasper and Anita Bertisen (the "Insureds"). In particular, the appraisal award includes amounts for full replacement of the concrete roof tiles allegedly caused by hail on May 8, 2017 due to "aesthetics," however Travelers had previously determined that there was no coverage for a full roof replacement because the majority of the damage to the concrete tile roof system was the result of stress and wear and tear over time which are excluded causes of loss under the Policy.

On or about May 15, 2017 you presented this claim to Travelers for hail damage to the roof, windows, patio furniture, and deck of the Property. During Travelers' initial inspection of the Property on May 26, 2017 no wind or hail damage was found to the roofing system comprised of concrete roof tiles. On November 3, 2017, Travelers re-inspected the Property along with an independent roofing vendor, Ladder Now. During this inspection, both Travelers and Ladder Now found limited right corner cracking on a few roof tiles, but also found that such damage was consistent with wear and tear and not indicative of hail damage. Then, on July 13, 2018, the Insureds transmitted their appraisal demand to Travelers and selected Tony Trujillo of C3 Group as their appraiser. On or about September 6, 2018, Travelers sent correspondence to the Insureds in response to their appraisal demand. In its response, Travelers correctly pointed out that appraisal is appropriate with respect to those property components over which the parties disagree as to the amount of loss, but not when there is a disagreement over coverage or causation. Nonetheless, Travelers agreed to proceed to appraisal, subject to a full reservation of rights to deny any non-covered portion of the appraisal award.

During the appraisal process, Travelers' appraiser Seth McClure retained Jeffrey Anderson a licensed architect with J.S. Held, to perform a roof assessment to determine whether the concrete tile roof at the Property was damaged by hailstones on May 8, 2017. During his investigation, Mr. Anderson found that the majority (70%) of the cracked roof tiles he observed at the Property were both cracked and justified replacement prior to May 8, 2017 storm event. The limited damage to the roof caused by hail was previously included in Travelers' estimates and payments sent to the Insureds. On October 15, 2020, Travelers received an appraisal award signed by the Insureds appraiser Tony Trujillo and the Umpire Linda McGowan for $157,141.19 (RCV) / $136,297.85 (ACV). Travelers also received a "Summary Letter of Opinions as 'Umpire' for Hail Loss" from Ms. McGowan dated September 3, 2020. In this letter, Ms. McGowan wrote that "It is our opinion that the entirety of the tile roofing should be removed and replaced. We do not believe it reasonably possible to remove and replace only some of the tiles or to remove some areas of tiles (such as the south-facing side only) without compromising the aesthetics of the roofing." This letter also includes an itemization showing that Mr. Trujillo and Mr. McGowan awarded $66,755.50 (RCV) / $57,339.84 (ACV) for costs associated with a full roof replacement.

As previously set forth in Travelers September 6, 2018 correspondence, Travelers disputes that appraisal can resolve the application of coverage limitations and policy exclusions. Travelers further maintains that the appraisal award includes repair costs that are not covered and excluded under the policy of insurance issued to the Insureds. It is Travelers' position that appraisal is not a forum to determine coverage or causation and this issue is currently pending appellate review by the Tenth Circuit in *The Travelers Indemnity Company v. BonBeck Parker, LLC*, 20-1192. Even assuming that the appraisal panel here had the authority to make a "causation" determination, and Travelers does not concede that it did, it is clear from Ms. McGowan's letter that no such determination was even made and that Ms. McGowan and Mr. Trujillo determined that a full roof replacement was necessary for "aesthetics" and not because the roof tiles were damaged by hail on May 8, 2017.

Accordingly, subject to a full and complete reservation of its rights under contract and at law, Travelers, upon receipt of the requested payment instructions, Travelers will be issuing payment under separate cover in the amount of $63,385.07 as calculated below. You will note that Travelers has not included the costs associated with the full roof replacement because the Policy provides no coverage for this damage because it was due to wear and tear. Travelers expressly reserves all rights to dispute that any portion of the appraisal award represents covered damages under the policy issued to the Insureds, all rights to seek reimbursement and/or recoupment for all amounts paid in excess of the coverage provided under the policy issued to the Insureds, all rights to seek judicial review concerning the scope of appraisal and coverage under the Policy , and all other rights under the policy and at law.

| | |
|---|---|
| Appraisal Award (RCV): | $157,141.19 |
| Less Depreciation: | -$20,843.33 |
| Actual Cash Value: | $136,297.85 |
| Less Deductible: | -$1,000.00 |
| Less Prior Payments: | -$14,572.94 |
| Less uncovered amounts incl. in award: | -$57,339.84 |

To: MoGo LLC
Date: December 14, 2020
Page 3 of 3

**Total Payment Due:** **$63,385.07**

As noted above, the forthcoming payment is based on the actual cash value of replacing the damaged items. As you are no doubt aware, recovery of the withheld depreciation is dependent upon the terms of the Policy which requires the Insureds complete the repairs and may also include re-inspection of completed repairs and/or documentation that the damaged items were repaired and/or replaced (i.e., invoices or cancelled checks) prior to releasing the additional payment for recoverable depreciation.

The Policy may have other terms, conditions and exclusions that apply to this claim. Neither this letter nor the appraisal proposal contained herein should be construed as an acknowledgement or admission that there is any coverage for any claimed damage beyond that identified and paid for by Travelers to date. Travelers does not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.

Sincerely,

Foran Glennon Palandech Ponzi & Rudloff P C