**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03650-WJM-STV

ANITA BERTISEN, and
JASPER BERTISEN,

Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,

Defendant.

**DEFENDANT'S FIRST AMENDED ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

NOW COMES Defendant, The Travelers Home and marine Insurance Company ("Travelers"), by and through its attorneys, and for its First Amended Answers to Plaintiff's Interrogatories and Requests for Production, states as follows:

The Responses and Objections contained herein are based on the information and documents presently available and known to Travelers. Discovery remains ongoing, and Travelers reserves the right to supplement and amend its responses and objections to the Requests as the case develops and if and when Travelers discovers any additional relevant and responsive information and/or documents.

Travelers further reserves the right to object to the admissibility of any of these Responses or Objections, and/or to any of the information or documents produced in response to any Request served by Plaintiff, in whole or in part, at trial or in connection with any hearing, deposition, or other proceeding in this action, on any grounds, including, but not limited to, authenticity, competence, materiality, relevance, and privilege. In addition, a statement that documents will be produced in response to a particular Request means only that they will be produced if such

documents exist, are in Travelers's possession, are relevant and non-privileged, and can be located in a reasonable search of the most likely repositories of responsive documents.

## GENERAL OBJECTIONS

The following General Objections are made to each Interrogatory, Request for Production and Request for Admission (collectively the "Request(s)"), and are incorporated into each response by reference, whether or not specifically stated therein. No waiver of any General Objection is made notwithstanding a substantive response to any Request. These responses are made solely for this action.

1. **Attorney Client Privilege.** Travelers objects to any Request, including the instructions therefor, that calls for information concerning communications with its attorneys, including, without limitation, its in-house or outside counsel in this action. Privileged communications will not be disclosed or produced. In the event any attorney-client privileged communication(s) and document(s) are disclosed or produced, such disclosure or production is purely inadvertent and not a knowing and intentional waiver of the attorney-client privilege. In the event any attorney-client privileged communication(s) and document(s) are disclosed or produced, Travelers requests immediate notification thereof by Plaintiff's counsel to Travelers's counsel pursuant to and as required by ABA Formal Opinion 05-437 (October 1, 2005).

2. **Work Product Doctrine.** Travelers objects to any Request, including instructions therefor, that calls for information protected by the work product doctrine as it applies to any attorney or consultant, including without limitation, its in-house or outside counsel in this action. Such information will not be disclosed or produced. In the event any information and/or documents protected by the work product doctrine are disclosed or produced, such disclosure or production is purely inadvertent and not a knowing and intentional waiver of such privilege. In the event any

information and/or documents protected by the work product doctrine are disclosed or produced, Travelers requests immediate notification thereof by Plaintiff's counsel to Travelers's counsel pursuant to and as required by ABA Formal Opinion 05-437 (October 1, 2005). Travelers's attorneys join in this objection to the extent that the right to protect items from discovery pursuant to the work product doctrine belongs to said attorneys.

3. **Vagueness, Overbreadth, and Burdensomeness.** Because of the breadth and/or imprecision of some of Plaintiff's Requests, Travelers is unable to determine what is being actually requested. If these Requests were interpreted in their broadest possible contexts, they would impose an undue burden. Accordingly, Travelers objects to the Requests to the extent that they are vague and ambiguous, overbroad, unduly burdensome, not relevant to the specific claims or defenses in this matter, and/or require Travelers to speculate as to the nature or scope of the information sought.

4. **Instructions.** Travelers objects to the Instructions and Definitions accompanying Plaintiff's Requests to the extent that they seek to impose obligations other than those set forth in the Federal Rules of Civil Procedure or the pre-trial, trial or other rules and procedures of the Court. Travelers reserves all rights under said Rules and all other rights available under applicable law. Travelers also confines its responses to documents in Travelers's possession, custody, or control and objects to each and every Request to the extent that it purports to require production of documents not within Travelers's possession, custody or control.

5. **Time.** Travelers objects to the Requests to the extent they are not limited by time or date. Such broad Requests impose an undue burden on Travelers, are overly broad, and seek information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Travelers also objects to each Request that seeks information or documents created after the filing

of the Complaint in this Action, documents or information created after that date were created for use in and/or in anticipation of litigation, are therefore privileged, and will not be produced and no privilege log for documents created after the filing of the Complaint will be created.

6. **Publicly Available Documents.** Travelers objects to the Requests to the extent they seek documents and information that are a matter of public record, or that are otherwise publicly available, such that the burden and expense of accessing and collecting those documents is the same to Travelers as it is to Plaintiff. The effort that would be required by Travelers to ensure a thorough response to the Requests seeking information that is a matter of public record would impose an improper and undue burden on Travelers.

7. **Proprietary or Confidential Documents.** Travelers objects to the Requests to the extent they seek proprietary or confidential information or documents, or documents or information that Travelers is contractually obligated not to disclose.

8. **Relevance.** Travelers objects to the Requests to the extent they seek documents and information that are not relevant to the specific claims or defenses in this matter.

9. **Assistance Responding to Requests.** The information supplied in these responses is not based solely on the knowledge of Travelers, but includes the knowledge of Travelers and its attorneys, unless privileged. The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses and thus, does not necessarily purport to be the precise language of the executing party.

10. **Failure to Object.** Travelers's failure to object to a Request, or a statement that the requested materials will be provided or produced, is not and shall not be construed as an admission or representation that any responsive material exists or that if it does exist it is not privileged. Neither Travelers's failure to object to a Request on a particular ground or grounds, nor the

production of information despite Travelers's objections, shall be construed as a waiver of the right to object on such ground or grounds or any other grounds. Travelers reserves the right to supplement or amend these responses, to make further objections to the Requests, including, but not limited to, objections that may become apparent as additional information is uncovered during discovery, and to make use of information that may come to Travelers's attention or become available in the future.

Subject to the foregoing General Objections, all of which are specifically incorporated into Travelers's objections and responses below, Travelers responds to Plaintiff's Interrogatories and Requests for Production as follows:

**INTERROGATORIES**

INTERROGATORY NO. 1:

Identify all payments you made to Plaintiff in relation to the Subject Claim, including the date each payment was issued, the amount of each payment, what each payment was intended to cover, and the coverage under which each payment was made.

**Response:** Objection that this interrogatory is vague and assumes facts. Without waiving said objection, Travelers paid $63,385.08 on or around December 15, 2020, representing the undisputed portion of the appraisal award. Travelers paid $6,685.22 on or around October 25, 2017 for damage to the building. Travelers paid $6,381.04 on or around May 30, 2017 for damage to the building. Travelers paid $1,586 on or around May 30, 2017 for damage to contents. Also see Travelers' Claim Notes and other documents previously produced.

INTERROGATORY NO. 2:

Identify all payments you made to Plaintiff in relation to the Interior Claim, including the date each payment was issued, the amount of each payment, what each payment was intended to cover, and the coverage under which each payment was made.

**Response:** Objection that this interrogatory is vague and assumes facts. Without waiving said objection, Travelers paid $6,945.70 for damage to the interior of the property at

issue on May 11, 2020. Also see Travelers' Claim Notes and other documents previously produced.

INTERROGATORY NO. 3:

Identify all Documents You relied on to determine that the Interior Claim was "from a secondary date of loss and a secondary occurrence" (as those terms are used in Bates No. Travelers_000507).

**Response:** See JS Held Report (Bates No. Travelers_000399, *et. seq.*).

INTERROGATORY NO. 4:

Identify all treatises, literature, or other publications You reviewed concerning the Subject Claim at the time You were adjusting the Subject Loss.

**Response:** Objection that this interrogatory is vague, ambiguous and assumes facts. Travelers further objects to this request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine.

INTERROGATORY NO. 5:

Identify all construction literature that You regard as reliable authority supporting any contention by You that Your conduct concerning the Subject Claim conformed to all applicable standards of care.

**Response:** Objection that this interrogatory is vague, ambiguous, assumes facts, and requires disclosure of expert materials prior to court imposed deadlines. Travelers further objects to this request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Without waiving said objection and to the extent it is considered "construction literature," in adjusting plaintiff's claim Travelers considered, among other things, reports provided by consultants, which are documented in the claim file previously produced. Answering further, Travelers will disclose the basis of any expert opinions in accordance with the Court's Scheduling Order and applicable rules of civil procedure.

INTERROGATORY NO. 6:

Identify all insurance literature that You regard as reliable authority supporting any contention by You that Your conduct concerning the Subject Claim conformed to all applicable standards of care.

**<u>Response:</u>** Objection that this interrogatory is overbroad, unduly burdensome, vague, ambiguous assumes facts, and requires disclosure of expert materials prior to court imposed deadlines. Travelers further objects to this request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Without waiving said objection, Travelers will disclose the basis of any expert opinions in accordance with the Court's Scheduling Order and applicable rules of civil procedure.

INTERROGATORY NO. 7:

Identify all literature that You regard as reliable authority supporting Your conclusion that "right corner cracks" to roofing tile as observed in Your investigation of the Subject Claim are a "wear tear issue" (as those terms are used in [Bates No. Travelers_000097]).

**<u>Response:</u>** Objection that this interrogatory is overbroad, unduly burdensome, vague, ambiguous, assumes facts, and requires disclosure of expert materials prior to court imposed deadlines. Without waiving said objection and to the extent it is considered "literature," in adjusting Plaintiff's claim Travelers considered reports provided by consultants, which are documented in the claim file previously produced. Answering further, Travelers will disclose the basis of any expert opinions in accordance with the Court's Scheduling Order and applicable rules of civil procedure.

INTERROGATORY NO. 8:

Identify the basis for Your position that appraisers selected pursuant to the Policy's appraisal provision cannot determine the cause of the loss being appraised.

**<u>Response:</u>** Objection that this interrogatory assumes facts and is not reasonably calculated to lead to discovery of admissible evidence. Travelers further objects to this request to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine. Travelers further objects to this request to the

extent it calls for a legal conclusion Without waiving said objections, one basis is that the Policy's Appraisal provision.

INTERROGATORY NO. 9:

Identify Your relationship to The Travelers Indemnity Company of America, the defendant in Civil Action No. 1:14-cv-02059-RM-NRN (e.g., parent- or sister-corporation or subsidiary).

**Response:** Travelers objects to this Interrogatory to the extent that it seeks information that is not relevant to the specific claims or defenses in this matter. Without waiving said objection, The Travelers Indemnity Company of America shares a parent company with The Travelers Home and Marine Insurance Company.

INTERROGATORY NO. 10:

Identify the basis for Your position that the roof of the Subject Property was not damaged by the Subject Loss.

**Response:** Objection that this interrogatory is vague, ambiguous and assumes facts. Without waiving said objections, in adjusting Plaintiff's claim Travelers relied information and documentation documented in the claim file, which has been produced..

INTERROGATORY NO. 11:

Identify the photographs that Mr. Bradlee Waddell took of the Property on May 26, 2017, as admitted in Your Answer [Dkt. 11, ¶ 19].

**Response:** See Bates Nos. Travelers_1220-1271

INTERROGATORY NO. 12:

Identify each denial of a material allegation in paragraph 34 of Your defensive pleading and for each:

(a) State the facts upon which You base the denial;

(b) State the names, addresses, and telephone numbers of all Persons who have knowledge of the facts;

(c) Identify all Documents and other tangible things which support Your denial, and state the name, address and telephone number of the Person who has each Document.

**Response:** This Interrogatory seeks to have Travelers identify "all documents" and facts supporting its denial is improper. See, e.g., *Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, No. C12-4048-MWB, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored.") (citing *Clean Earth Remediation and Const. Servs., Inc., v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y.2007); *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan.1997)). "The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know . . . ." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, *6 (D. Colo. May 3, 2006). Further, an Interrogatory should not require the answering party to provide a narrative account of its entire case. See *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998), *Shqeirat v. U.S. Airways Grp., Inc.*, No. CIV.07-1513 ADM/AJB, 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008) (same). Without waiving said objections Travelers denies that it failed to respond to Plaintiff's alleged pricing discrepancies. See Claim File materials, including Claim Notes and Estimates.

INTERROGATORY NO. 13:

Identify each denial of a material allegation in paragraph 37 of Your defensive pleading and for each:

(a) State the facts upon which You base the denial;

(b) State the names, addresses, and telephone numbers of all Persons who have knowledge of the facts;

(c) Identify all Documents and other tangible things which support Your denial, and state the name, address and telephone number of the Person who has each

Document.

**Response:** This Interrogatory seeks to have Travelers identify "all documents" and facts supporting its denial is improper. See, e.g., *Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, No. C12-4048-MWB, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored.") (citing *Clean Earth Remediation and Const. Servs., Inc., v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y.2007); *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan.1997)). "The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know . . . ." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, *6 (D. Colo. May 3, 2006). Further, an Interrogatory should not require the answering party to provide a narrative account of its entire case. See *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998), *Shqeirat v. U.S. Airways Grp., Inc.*, No. CIV.07-1513 ADM/AJB, 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008) (same).

Without waiving said objections Travelers denies the allegations of Paragraph 37 of Plaintiff's Complaint as phrased. Although Plaintiffs were free to present the claim for interior damage in a manner they deemed appropriate, it was necessary to treat the claim for interior damage as a separate claim, since the damage arose from a separate occurrence. See November 3, 2017 claim note. See JS Held Report. Ms. Barr and Mr. Wickham have knowledge of the referenced inspection and the reasons the interior damage comprised a separate claim.

INTERROGATORY NO. 14:

Identify each denial of a material allegation in paragraph 60 of Your defensive pleading and for each:

(a) State the facts upon which You base the denial;

(b) State the names, addresses, and telephone numbers of all Persons who have knowledge of the facts;

(c) Identify all Documents and other tangible things which support Your denial, and state the name, address and telephone number of the Person who has each Document.

**Response:** This Interrogatory seeks to have Travelers identify "all documents" and facts supporting its denial is improper. See, e.g., *Cmty. Voice Line, LLC v. Great Lakes*

*Commc'n Corp.*, No. C12-4048-MWB, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored.") (citing *Clean Earth Remediation and Const. Servs., Inc., v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y.2007); *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan.1997)). "The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know . . . ." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, *6 (D. Colo. May 3, 2006). Further, an Interrogatory should not require the answering party to provide a narrative account of its entire case. See *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998), *Shqeirat v. U.S. Airways Grp., Inc.*, No. CIV.07-1513 ADM/AJB, 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008) (same).

Without waiving said objections Travelers denies the allegations of paragraph 60 of Plaintiffs' complaint because Travelers does not have a record of inspection requests on all of the alleged dates. Travelers declined to conduct a reinspection at Plaintiffs' contractor's request because two Travelers claim representatives and a representative of LadderNow had already inspected the property. See Claim Notes.

INTERROGATORY NO. 15:

Identify each denial of a material allegation in paragraph 94 of Your defensive pleading and for each:

(a) State the facts upon which You base the denial;

(b) State the names, addresses, and telephone numbers of all Persons who have knowledge of the facts;

(c) Identify all Documents and other tangible things which support Your denial, and state the name, address and telephone number of the Person who has each Document.

**Response:** This Interrogatory seeks to have Travelers identify "all documents" and facts supporting its denial is improper. See, e.g., *Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, No. C12-4048-MWB, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored.") (citing *Clean Earth Remediation and Const. Servs., Inc., v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y.2007); *Hiskett v. Wal–Mart Stores, Inc.*,

180 F.R.D. 403, 404–05 (D. Kan.1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan.1997)). "The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know . . . ." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, *6 (D. Colo. May 3, 2006). Further, an Interrogatory should not require the answering party to provide a narrative account of its entire case. See *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404–05 (D. Kan.1998), *Shqeirat v. U.S. Airways Grp., Inc.*, No. CIV.07-1513 ADM/AJB, 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008) (same).

Without waiving said objectionsTravelers denies the allegations of paragraph 94 of Plaintiffs' Complaint because the Appraisal Award includes amounts not attributable to direct physical loss or damage from the subject storm. See Claim Notes. See JS Held Report. See Appraisal Award.

INTERROGATORY NO. 16:

Is Your response to each Request for Admission an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) state all facts upon which You base Your response; (c) state the name, address and telephone number of each person who has knowledge of those facts; and (d) identify all documents and other tangible things that support Your response and state the name, address and telephone number of the person who has each document or thing.

**Response:** Objection that this interrogatory is vague, overbroad, and increases the number of interrogatories beyond that permitted under the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Produce all Documents and Communications that You reviewed, referred to, identified, or otherwise relied upon in responding to the foregoing interrogatories.

**Response:** See documents previously disclosed pursuant to Federal Rule of Civil Procedure 26.

REQUEST FOR PRODUCTION NO. 2:

Produce all claim records for the Subject Claim that You are required to maintain pursuant to 3 Colo. Code Regs. § 702-1-1-7-5(E)(5), i.e., written Communications and Documents that clearly show the inception, handling, and disposition of the Subject Claim so as to ascertain pertinent events, reconstruct and verify those events and the dates the events occurred. These records include, and are not limited to, any claim manuals or other materials referred to or relied on in making payment decisions for the Subject Claim.

**Response:** Objection that this interrogatory calls for a legal conclusion as to the meaning of 3 Colo. Code Regs. § 702-1-1-7-5(E)(5), is vague, and assumes facts. Without waiving said objection, see Claim file materials previously produced pursuant to Federal Rule of Civil Procedure 26.

REQUEST FOR PRODUCTION NO. 3:

Produce all claims handling guidelines, directives, manuals, policies, procedures, training materials, internal or company-wide rules, or other Documents that reference or describe the proper adjusting and inspection of insurance claims involving roof damage, including damage to tile roofs, caused by hail under Your Homeowner's Insurance policies issued in Colorado and were in effect from the date of the Subject Loss through present.

**Response:** Objection that this request for production seeks information and/or documentation that is not relevant to the specific claims or defenses in this matter, is vague, is overbroad in time and scope, and requests confidential and proprietary information dissemination of which would be harmful to Travelers' interests.

REQUEST FOR PRODUCTION NO. 4:

Produce all claims handling guidelines, directives, manuals, policies, procedures, training materials, internal or company-wide rules, or other Documents that reference or describe the

proper application of overhead and profit arising under Your Homeowner's Insurance policies issued in Colorado and were in effect from the date of the Subject Loss through present.

**Response:** Objection that this request for production seeks information and/or documentation that is not relevant to the specific claims or defenses in this matter,, is vague, is overbroad in time and scope, and requests confidential and proprietary information dissemination of which would be harmful to Travelers' interests.

REQUEST FOR PRODUCTION NO. 5:

Produce all claims handling guidelines, directives, manuals, policies, procedures, training materials, internal or company-wide rules, or other Documents that reference or describe appraisals conducted under Your Homeowner's Insurance policies in Colorado and were in effect from the date of the Subject Loss through present.

**Response:** Objection that this request for production seeks information and/or documentation that is not relevant to the specific claims or defenses in this matter, is overbroad in time and scope, and requests confidential and proprietary information dissemination of which would be harmful to Travelers' interests.

REQUEST FOR PRODUCTION NO. 6:

Produce all claims handling guidelines, directives, manuals, policies, procedures, training materials, internal or company-wide rules, or other Documents that reference or describe handling claims arising under Your Homeowner's Insurance policies issued in Colorado where coverage is disputed and were in effect from the date of the Subject Loss through present.

**Response:** Objection that this request for production seeks information and/or documentation that is not relevant to the specific claims or defenses in this matter , is overbroad in time and scope, and requests confidential and proprietary information dissemination of which would be harmful to Travelers' interests.

*/s/ Brian E. Devilling*
BRIAN E. DEVILLING
MATTHEW S. PONZI

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 North LaSalle St., Suite 1400
Chicago, Illinois 60601
(312) 863-5000
Attorneys for Defendant

**PROOF OF SERVICE**

The undersigned, being duly sworn upon oath, does hereby swear and affirm that he served a copy of the foregoing document on all counsel of record on this 21st Day of September, 2021.

/s/ Brian E. Devilling

**VERIFICATION OF INTERROGATORIES**

The undersigned, being duly sworn upon oath, does hereby swear and affirm that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge.

THE TRAVELERS HOME & MARINE
INSURANCE COMPANY

by: