IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-03650-NYW-STV

ANITA BERTISEN, and
JASPER BERTISEN,

     Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,

     Defendant.

---

**PLAINTIFFS' MOTION TO DEEM CERTAIN MATERIAL FACTS AS ESTABLISHED
FOR PURPOSES OF TRIAL**

---

Pursuant to Fed. R. Civ. P. 56(g), Jasper and Anita Bertisen ("Plaintiffs"), by and through their attorneys at MoGo LLC, move for an order that deems certain material facts as established for purposes of trial. In support, Plaintiffs state:

*Certificate of Conferral: The undersigned counsel for Plaintiffs certifies compliance with D.C.COLO.LCivR 7.1(a) in that the parties' counsel have conferred about the relief sought herein and that Defendant opposes the relief.*

### I.   Background

Defendant has not paid to replace any roofing tiles. [Doc. 93 at 22]. During this litigation, Defendant justified its nonpayment on the grounds of (1) "the appraisal panel awarded a full roof replacement to ensure a cosmetic match" which is not covered by

the Policy; and (2) the appraisal "award is not binding as to causation or the date of loss." [Doc. 73 at 11].

On September 8, 2023, this Honorable Court issued its Memorandum Opinion and Order [Doc. 93], which confirmed the appraisal award as binding as to the amount of loss, including the cause and date of loss, [Doc. 93 at 26-27], and granted partial summary judgment "for breach of contract in favor of Plaintiffs for at least 191 roofing tiles." [Doc. 93 at 29]. The Court did not enter summary judgment on the entire breach of contract claim because "whether or not a line item—in this case, cosmetic tiles—is covered by the Policy is a coverage issue." [Doc. 93 at 30]. And because the parties had not briefed the "identified coverage issue," the "Court [could not] determine whether Plaintiffs [were] entitled to summary judgment … beyond the 191 roofing tiles to include the entirety of the roof." [Doc. 93 at 30]. On January 8, 2024, the Court ruled that the Policy requires cosmetic matching. [Doc. 101 at 20].

Defendant has no other basis to avoid paying the appraisal award.[1] The facts determined in the appraisal proceeding must be treated as established for trial.

---

[1] In ruling on the cosmetic matching coverage issue, the Court noted that "if the jury finds that the appraisal panel did make a factual finding that there are no available tiles on the market, or the jury itself so concludes, the Appraisal Award will provide the definitive, binding replacement cost of the roof as a whole and this Court will not entertain any argument or evidence otherwise." [Doc. 101 at 19, n.4]. Seemingly, however, that question relates to whether the appraisal panel decided to award a full roof replacement due to matching concerns in the first instance. But since matching is covered by the policy, why would the parties need to prove that matching was the reason for the award? Defendant has raised no other coverage dispute to justify its nonpayment of the appraisal award.

## II.    Legal Standard

"If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

After a party brings a motion under Fed. R. Civ. P. 56(g), "[t]he party opposing [it] must either present evidence controverting the proposed facts or persuade the district court that it would be unfair or otherwise inappropriate to establish particular facts through that process." *Watchous Enters., LLC v. Mournes*, No. 22-3071, 2023 U.S. App. LEXIS 31727, at *19 (10th Cir. Nov. 30, 2023) (published)[2].

## III.    Argument

Through the appraisal process, the parties have already adjudicated some material facts that cannot be rehashed at trial. The appraisal process under an insurance policy is a binding factual determination as to the amount of loss. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F. Supp. 3d 1150, 1154 (D. Colo. 2015). A finding as to the "amount of loss" is not just about the loss's value; it includes a concomitant finding as to the cause of the loss. *BonBeck Parker, LLC v. Travelers Indem. Co. of Am.*, 14 F.4th 1169 (10th Cir. 2021). As to those factual determinations, "the part[ies] are 'estopped by the appraisal award,'" *Concept Rests., Inc. v. Travelers Indem. Co.*, No. 16-cv-00450-DME-NYW, 2016 WL 8737773, at *2 (D. Colo. Dec. 2, 2016) (quoting *Blum's Furniture Co. v. Certain Underwriters at Lloyds*

---

[2] https://www.ca10.uscourts.gov/sites/ca10/files/opinions/010110961087.pdf

*London*, 459 App'x 366, 367 (5th Cir. 2012)). "Neither party is permitted to dispute the amount of loss once it has been determined." *Tae Hyung Lim v. Am. Econ. Ins. Co.*, No. 13-cv-02063-CMA-KLM, 2014 WL 1464400, at *3 (D. Colo. Apr. 14, 2014).

In this case, the appraisal conclusively resolved that the May 8, 2017 hailstorm damaged the Bertisens' home, including the roof, for a total replacement cost value of $157,141.19. [Dkt. 93 at 28]. As a matter of law, both parties are bound by those factual determinations and no other conclusions can be properly reached by a jury.

As a procedural matter, Travelers cannot evade the appraisal findings because the insurer did not raise an affirmative defense pursuant to Fed. R. Civ. P. 8(c). "[T]he party who bases his claim on the [appraisal] report or finding has the burden of proving the validity of the [appraisal] awards from the standpoint of patent defects and once this is accepted the burden shifts to the party who is attacking the finding." *Skinner v. Davidson*, 1423 Colo. 423, 430, 351 P.2d 872, 876 (1960). Under Rule 8(c), Defendant was required to raise a challenge to the appraisal award through an "affirmative defense or avoidance" in its responsive pleadings. Fed. R. Civ. P. 8(c); *cf. Bingman v. Safeco Ins. Co. of Am.*, 1:20-cv-03125-RMR-GPG, 2022 U.S. Dist. LEXIS 112689, at *8 (D. Colo. Mar. 31, 2022) (ruling on a motion for judgment on the pleadings under F.R.C.P. 12(c), "that Plaintiffs had sufficiently alleged, for purposes of this stage of the proceedings, that the appraisal award was not binding on them under Colorado law.").

To challenge the appraisal award's findings, Defendant would have had to affirmatively plead that "the award was made without authority or was made as a result of fraud, accident, or mistake." *Andres Trucking Co. v. United Fire & Cas. Co.*, 2018

COA 144, ¶ 49; *see also Aetna Ins. Co. v. Murray*, 66 F.2d 289, 290 (10th Cir. 1933) (an appraisal award "should not be set aside except upon clear and convincing evidence of fraud, gross mistake, misconduct of the appraisers, or their failure to perform the duties committed to them by the agreement or submission."). Defendant failed to do so and has therefore waived any challenge to the appraisal panel's binding factual determinations. *Burke v. Regalado*, 935 F.3d 960, 1040 (10th Cir. 2019) ("As a general rule, a defendant waives an affirmative defense by failing to plead it.").

Because Travelers has not mounted any challenge to the appraisal award, and has expressly disclaimed any intent to do so, [*see* Dkt. 83 at 14], and because it is too late to amend its pleadings now, the appraisal panel's findings must be regarded as established fact for trial purposes.

WHEREFORE, the Bertisens seek an order pursuant to Fed. R. Civ. P. 56(g) that deems the appraisal panel's conclusions—that the May 8, 2017 hailstorm damaged the Bertisens' home, including the roof, for a total replacement cost of $157,141.19—as established fact for purposes of trial.

DATED this 16th day of January, 2024.　　　Respectfully submitted,

*s/ Rodney J. Monheit*
Katherine E. Goodrich
Rodney J. Monheit
MoGo LLC
600 17th Street
Suite 2800 South
Denver, CO 80202
Tel: (303) 357-1317
katie@mogollc.com
rodney@mogollc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on January 16, 2024, I filed a true and correct copy of the foregoing with the Court's CM/ECF system, which will send service of the same to the following email addresses:

Brian Devilling
bdevilling@fgppr.com

Matt Ponzi
mponzi@fgppr.com

*Attorneys for Defendant*

*s/ Rodney J. Monheit*
Rodney J. Monheit
