IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03650-NYW-STV

ANITA BERTISEN, and
JASPER BERTISEN,

      Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

      Defendant.

---

### COMBINED STIPULATED PROPOSED JURY INSTRUCTIONS

---

### DEFENDANT'S PROPOSED INSTRUCTION NO. 1

A. JURY ORIENTATION

1:1     INTRODUCTORY REMARKS TO JURY PANEL

Members of the jury, this is the United States District for the District of Colorado. My name is Judge Nina Wang. I am the judge assigned to preside in this case.

First, I want to tell you about the rules that will govern your conduct during your jury duty, beginning right now, even if you are not finally selected as jurors. If you are chosen as jurors, your job will be to

decide this case based solely on the evidence presented during the trial and the instructions that I will give you. You will not be investigators or researchers, so do not attempt to gather any information about this case on your own. Do not read or do research about this case or the issues in the case from any other source, including the Internet. You may not use Google, Bing, Yahoo, or any other type of Internet search engine to learn about any person, place, or thing that is involved in this case. Do not read about this case in newspapers, magazines, or any other publications. Do not listen to any podcasts or television or radio broadcasts about the trial. Do not consult dictionaries; medical, scientific, or technical publications; religious books or materials; or law books. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking sites, Google, Wikipedia, blogs, and other websites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over, and all of the parties' work, my work, and your work on this case would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet. You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence, or any place or location mentioned. Do not research the law. Do not look up the meaning of any words or scientific or technical terms used. If necessary, I will give you definitions of words or terms.

Also, you are not allowed to visit any place(s) involved in this case. If you normally travel through such a place, you should try to take a different route until I tell you that your jury service is completed. If you cannot take a different route, you must not stop or attempt to gather any information from that location.

Until I tell you that your jury service is complete, do not communicate about the case with anyone, including family and friends, whether in person or by telephone, cell phone, smart phone, computer, Internet, or any Internet service. This means you must not email, text, instant message, Tweet, blog, or

post information about this case, or about your experience as a juror on this case, on any social networking site, website, listserv, chat room, or blog.

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on jury duty and that you cannot talk about this duty until your service is completed, and you may tell them the estimated schedule of your jury duty, but do not tell them anything else about the case. If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

I will now introduce you to this case.

The case which we are about to try is a civil case and not a criminal case. The party who started this case is called the plaintiff. The opposing party is called the defendant. In this case the plaintiffs are Jasper and Anita Bertisen, and the defendant is The Travelers Home and Marine Insurance Company.

Jasper and Anita Bertisen purchased an insurance policy from Travelers that included coverage for direct physical loss of or damage to the Bertisens' home, subject to all terms, conditions, exclusions, and limitations in the policy. The policy was effective when a hail storm struck the Bertisens' property on May 8, 2017, causing damage to the home. Travelers issued payments to the Bertisens for damage to the property. However, the Bertisens disputed the amount of Travelers' payment and demanded appraisal under the insurance policy.

Under the insurance policy's Appraisal provision, each party must select a competent and impartial appraiser. If the appraisers cannot agree on the amount of loss, they must select an umpire. An agreement by any two of the appraisers and umpire sets the amount of loss.

The appraisal panel issued an award setting the amount of loss at $157,141.19 replacement cost value and $136,297.85 actual cash value. The total amount of the award attributed to the roof was $66,755.50 replacement cost value and $56,990.34 actual cash value.

Travelers disputed whether it was obligated to pay for damage to the Bertisens' roof, claiming that the policy did not cover some of the amounts awarded in appraisal (i.e. roof replacement for cosmetic matching reasons) and that the appraisal panel was not authorized to determine the cause of the loss to[BD2] [KG3]  the Bertisens' roof. Travelers issued payment for the actual cash value of the portion of the appraisal award attributed to property components other than the roof. Once the Bertisens completed repairs to the property, Travelers issued the remaining replacement cost value balance for non-roof property components. To date, Travelers has paid $98,801.35.

The Bertisens contend that the appraisal award is binding as to the amount due to them for roof damage, that Travelers breached the insurance policy by failing to pay the remaining appraisal award balance for roof damage, and that Travelers unreasonably delayed or denied payment of covered benefits.

Travelers contends that the appraisal panel did not establish the amount due for roof damage, that it did not breach the insurance policy, and that it did not unreasonably delay or deny payment of covered benefits.

There will be (insert number) jurors in this case. The jury will consider the evidence and reach a verdict with the help of instructions about the law. I will now read you some of the instructions that may apply in this case. These are preliminary instructions about the law and may not be exactly the same as the final instructions about the law you will be given at the end of the case to use in your deliberations. If there is any difference between the preliminary and final instructions, you must follow and be governed by the final instructions in deciding the case. You should not be concerned about any difference between the preliminary instructions and the final instructions. (Insert applicable jury instructions, such as the definition of the burden of proof and any applicable evidentiary standards.)

The jury must decide what the facts are from the evidence you hear and see during the trial.

You have a duty to be fair and impartial.

In this case, the parties are entitled to a jury trial. Trial by jury is part of our American system of justice. Each juror plays an equal and important part in this system. It is your duty to give this case your close attention, absolute fairness, and good judgment.

We estimate that this trial will last 5 days.

You will not be required to stay together at noon or at night until the case is finally given to you for your decision.

C.J.I. 1.1.

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

3:1     BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE —DEFINED

1. The Plaintiffs have the burden of proving its claims by a preponderance of the evidence.

2. The Defendant has the burden of proving its affirmative defenses by a preponderance of the evidence.

3. To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

4. "Burden of proof" means the obligation a party has to prove (his) (her) (its) claim(s) or defense(s) by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5. If a party fails to meet (his) (her) (its) burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

C.J.I. (Civil) 3:1

<u>DEFENDANT'S PROPOSED INSTRUCTION NO . 3</u>

3:4     NO SPECULATION

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

C.J.I. (Civil) 3.4

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 4</u>

DISPUTED BY PLAINTIFFS

I will now explain the claims and defenses of each party to the case and the law governing the case.

Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law as you are now instructed, to the facts as you find them to be.

The parties to this case are Jesper and Anita Bertisen, the Plaintiffs, and The Travelers Home and Marine Insurance Company, the Defendant.

Jesper and Anita Bertisen purchased an insurance policy from Travelers that included coverage for direct physical loss of or damage to the Bertisens' home, subject to all terms, conditions, exclusions, and limitations in the policies. The policy was effective when a hail storm struck the Bertisens' property on May 8, 2017, causing damage to the home. Travelers issued payments to the Bertisens for damage to the property. However, the Bertisens disputed the amount of Travelers' payment and demanded appraisal under the insurance policy.

Under the insurance policy's Appraisal provision, each party must select a competent and impartial appraiser. If the appraisers cannot agree on the amount of loss, they must select an umpire. An agreement by any two of the appraisers and umpire sets the amount of loss.

The appraisal panel issued an award setting the amount of loss at $157,141.19 replacement cost value and $136,297.85 actual cash value. The total amount of the award attributed to the roof was $66,755.50 replacement cost value and $56,990.34 actual cash value.

Travelers disputed whether it was obligated to pay for damage to the Bertisens' roof. Travelers issued payment for the actual cash value of the portion of the appraisal award attributed to property components other than the roof. Once the Bertisen;s completed repairs to the property, Travelers issued the remaining replacement cost value balance for non-roof property components. To date, Travelers has paid $98,801.35.

The Bertisens contend that the appraisal panel established the amount due for roof damage, that Travelers breached the insurance policy by failing to pay the remaining appraisal award balance for roof damage, and that Travelers unreasonably delayed or denied payment of covered benefits.

The Bertisens assert the following claims against Travelers:

1.      Breach of Contract

2.      Violation of Colorado Revised Statute § 10-3-1115; and

3.      Bad Faith Breach of Insurance Contract.

Travelers contends that the appraisal panel did not establish the amount due for roof damage, that it did not breach the insurance policy, and that it did not unreasonably delay or deny payment of covered benefits.

These are the issues you are to decide.

CJI-Civ. 4th 2:1.

PLAINTIFFS' PROPOSED INSTRUCTION NO. 4

DISPUTED BY DEFENDANT

I will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law as you are now instructed, to the facts as you find them to be.

The parties to this case are Jasper and Anita Bertisen, the Plaintiffs; and The Travelers Home and Marine Insurance Company, the Defendant. Travelers insured the Bertisens' Golden, Colorado residence pursuant to Homeowners' Insurance Policy No. 006-23717-633-1 (the "Policy"). The Policy insures "against risk of direct physical loss to property." The Policy was in effect when a hail storm struck the Bertisens' property on May 8, 2017, causing damage to their home.

Mrs. Bertisen called Travelers and reported hail damage to her roof, skylights, and other components of her home. Travelers' claims adjuster, Bradlee Waddell, inspected the Bertisens' residence. Mr. Waddell told the Bertisens that the roof was in good condition and that there was no damage to the tiles on the roof. Travelers issued payment for $6,381.04 after its inspection, for the actual cash value of damage that Mr. Waddell saw to the metal roof components, the skylights, the deck, patio furniture, and gutters. Travelers also issued a payment for $1,586.68, representing the replacement cost value of personal property damaged by the storm. Mr. Waddell's estimate did not

include any amounts to replace the roof shingles, wood damage to the window frames, or damage to the stucco siding.

The Bertisens did the repairs per Travelers' scope of work in Mr. Waddell's estimate. A few months later, Mrs. Bertisen discovered water running down from the ceiling and wall in three areas of the inside of her home. Travelers' adjusters Mr. TJ Barr and Ms. Cintrina Wickham inspected the Bertisens' home again. Mr. Barr and Ms. Wickham verbally denied that the tiles on the Bertisens' roof were damaged by hail. Travelers assigned a separate claim number for its adjustment of the damage to the interior of the Bertisens' home. Travelers generated an estimate of the cost to repair the interior of the Bertisens' home, for a replacement cost value of $22,314.60. That estimate does not include any amounts to replace the Bertisens' roof shingles.

The Bertisens' contractor performed temporary repairs to the Bertisens' roof to prevent further leaking. The Bertisens paid $9,107.05 for those repairs. Travelers has not paid the Bertisens for those temporary repairs.

Travelers disputed - and continues to dispute- that the May 8, 2017 hailstorm caused damage to Plaintiffs' roof tiles. The Policy includes the following relevant provisions regarding payment following a covered loss, as well as the Parties' rights to demand an appraisal to resolve disputes over the "amount of loss":

**Loss Payment.**  We will adjust all losses with you.  We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after we receive your proof of loss and:

a.    Reach an agreement with you;

b.    There is an entry of a final judgment; or

c.    There is a filing of an appraisal award with us.

. . .

**Appraisal.**  If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss.  If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.


Each party will:

a.    Pay its own appraiser; and

b.    Bear the other expenses of the appraisal and umpire equally.


The Bertisens demanded appraisal under the Policy in August 2018, and Travelers agreed to go to appraisal. Before the appraisal, Travelers paid $14,572.94 total for the Bertisens' May 8, 2017 hail claim. The appraisal panel issued an award setting the amount of loss at $157,141.19 replacement cost value, $136,297.85 actual cash value. The total amount of the award attributed to the roof was $66,755.50 replacement cost value and $56,990.34 actual cash value. Travelers denied paying the full appraisal award, instead paying $63,385.07.

Travelers disputed whether it was obligated to pay for damage to the Bertisens' roof. Travelers issued payment for the actual cash value of the portion of the appraisal award attributed to property components other than the roof. The Bertisens completed work to fix the property and requested reimbursement for depreciation on April 16, 2021. Travelers paid depreciation for non-roof property components on August 3, 2021. To-date, Travelers has paid $98,801.35, and denied payment of all roofing tiles that were included in the appraisal award ($57,339.84). The Bertisens paid more than the $157,141.19 appraisal award amount to rebuild their property.

The Bertisens assert the following claims against Travelers:

1. Breach of contract

2. Violation of C.R.S. § 10-3-1115; and

3. Bad faith breach of insurance contract.

Travelers contends that the appraisal panel did not establish the amount due for roof damage, that it did not breach the insurance policy, and that it did not unreasonably delay or deny payment of covered benefits.

These are the issues you are to decide.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

In determining whether Travelers unreasonably delayed or denied payment, you may consider whether the Bertisens' claims were fairly debatable. If you find that the Bertisens' claims are fairly debatable, this weighs against a finding that Travelers acted unreasonably. However, a claim can be fairly debatable and the insurance company's delay or denial may still be unreasonable. Whether or not a claim is fairly debatable is just one consideration in deciding whether Travelers' delay or denial was unreasonable.

*Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1226-27 (10th Cir. 2016) (holding that fair debatability, while not outcome determinative, is relevant to determining whether an insurer acted unreasonably)

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

DISPUTED BY PLAINTIFFS

An insurer is under no obligation to pay a claim when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy.

*Wahlert v. Am. Standard Ins. Co. of Wisconsin*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016) (citing *Vaccaro v. American Family Ins. Group*, 275 P.3d 750, 759 (Colo.App.2012))

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

DISPUTED BY DEFENDANT

Travelers was under an obligation to pay the appraisal award within 60 days after receiving the signed appraisal award.

Policy

DEFENDANT'S PROPOSED INSTRUCTION NO. 7

DISPUTED BY PLAINTIFFS

In determining whether AmGuard Insurance unreasonably delayed or denied payment, you may consider whether AmGuard Insurance reasonably relied on expert opinions in making its claim decision.

*Sipes v. Allstate Indem. Co.*, 949 F. Supp. 2d 1079, 1088 (D. Colo. 2013) (court considered whether insurer reasonably relied on expert reports in making claim decision).

PLAINTIFFS' PROPOSED INSTRUCTION NO. 7

DISPUTED BY DEFENDANT

In determining whether Travelers unreasonably delayed or denied payment, you may consider whether Travelers reasonably relied on expert reports in making its claim decision. Even if Travelers reasonably relied on expert reports, if these expert reports, by themselves, are insufficient to establish a reasonable basis for delaying or denying payment, then Travelers' denial or delay may still be unreasonable. The reasonableness of Travelers' decision must be evaluated based on the information that was before Travelers at the time it made its coverage decision.

*Sipes v. Allstate Indem. Co.*, 949 F. Supp. 2d 1079, 1088 (D. Colo. 2013) (court considered whether insurer reasonably relied on expert reports in making claim decision).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 8

For the Plaintiffs, Anita and Jasper Bertisen, to recover from the Defendant, Travelers, on their claim of breach of contract, you must find both of the following have been proved by a preponderance of the evidence:

1.     The Defendant entered into a contract with the Plaintiffs to insure them against Property Damage pursuant to the terms of the insurance policy; and

2.     The Defendant failed to compensate the Plaintiffs for Property Damage pursuant to the terms of the insurance policy.

If you find that either of these statements has not been proved, then your verdict must be for the Defendant.

On the other hand, if you find that each of these statements has been proved, then your verdict must be for the Plaintiffs.

C.J.I. (Civil) 30:10

PLAINTIFFS' PROPOSED INSTRUCTION NO. 9


For the Plaintiffs, Anita and Jasper Bertisen, to recover from the Defendant, The Travelers Home and Marine Insurance Company, on their claim for unreasonable delay or denial of payment of benefits, you must find all of the following have been proved by a preponderance of the evidence:

1.      The Defendant delayed or denied payment of benefits to the Plaintiffs; and

2.      The Defendant's delay or denial was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict on the unreasonable delay claim must be for the Defendant.

On the other hand, if you find that both statements have been proved, then your verdict on the unreasonable delay claim must be for the Plaintiffs.

C.J.I. (Civil) 25:4

PLAINTIFFS' PROPOSED INSTRUCTION NO. 10

An insurer's delay or denial in authorizing payment of a benefit is unreasonable if that action is without a reasonable basis. The reasonableness of an insurer's delay or denial of payment of benefits must be evaluated based on the information that was before the insurer at the time it made its decision or took its position. Whether Defendant acted unreasonably in delaying or denying approval of the Bertisens' claim is to be determined in accordance with industry standards.

C.J.I. (Civil) 25:5; *Schultz v. GEICO Cas. Co.*, 2018 CO 87, ¶23.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 11

Defendant does not object to the form of the instruction, but reserves the right to object to the inclusion of particular sub-paragraphs if there is no evidence presented at trial.

The statutes of Colorado prohibit an insurance company from willfully:

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; or

- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; or

- Refusing to pay claims without conducting a reasonable investigation based upon all available information; or

- Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear; or

- Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions brought by such insureds;

- Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made; or

- Failing to promptly settle claims, where liability has become reasonably clear, under one

portion of the insurance policy coverage in order to influence settlements under other portions of the insurance  policy coverage.

You may consider any such conduct in determining whether the Defendant acted unreasonably in delaying payment if you find that:

1. The Defendant willfully engaged in such conduct;

2. Such conduct caused or contributed to the Defendant's delay of payment of the Plaintiffs' insurance claim; and

3. Such conduct caused or contributed to any of the Plaintiffs' claimed losses.

C.J.I. (Civil) 25:6

<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 12</u>

An insurance company recklessly disregards the unreasonableness of its position when it takes a position with knowledge of facts that indicate that its position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

C.J.I. (Civil) 25:7

<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 13</u>

An insurance company owes to those it insures the duty of good faith and fair dealing. That

duty is breached if the company unreasonably delays or denies payment, and the company knows that

its delay or denial is unreasonable or it recklessly disregards whether its conduct is unreasonable.

C.J.I. (Civil) 25:8

<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 14</u>

"General damages" means the amount required to compensate Plaintiffs for losses that are the natural and probable consequence of the Defendant's breach of the policy.

Losses that are a "natural" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract was breached.

If the general damages have been proved, you shall award:

    a.   $57,339.84 for the amount Defendant denied paying from the appraisal award; and/or

    b.   $7,589.21 for the temporary roof patch repairs.

C.J.I. (Civil 30:38)

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 15

If you find in favor of the Plaintiffs, Anita and Jasper Bertisen, on their claim of breach of insurance contract, then you must award them their general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that the Plaintiffs had damages as a result of the breach, and you must determine the amount of those damages.

If you find in favor of the Plaintiffs, but do not find any general damages, you shall award Plaintiffs nominal damages in the sum of one dollar.

C.J.I. (Civil 30:40, 41)

PLAINTIFFS' PROPOSED INSTRUCTION NO. 16

Disputed by Defendant

The appraisal award is binding as to the cost of the damage to the Bertisens' home, including the roof, caused by the May 8, 2017 hailstorm.

*Bonbeck Parker, LLC v. Travelers Indemnity Co. of America*, 14 F.4th 1169, 1181 (10th Cir. 2021); *Andres Trucking Co. v. United Fire & Cas. Co.*, 488 P.3d 425, 433-34 (Colo. App. 2018); Doc. 93

PLAINTIFFS' PROPOSED INSTRUCTION NO. 17

Disputed by Defendant

If you find, by a preponderance of the evidence, that two members of the appraisal panel agreed as to any findings of fact (including the cause of needing to replace all of the roofing tiles) then those findings of fact are to be taken as true and are binding.

CJI 3:6; *Bonbeck Parker, LLC v. Travelers Indem. Co*, 14 F.4th 1169, 1180 (10th Cir. 2021); *see Barnett v. Elite Props. Of Am.*, 252 P.3d 14, 22 (Colo. App. 2010) (applying *res judicata* in arbitration).

<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 18</u>

If you find in favor of the Plaintiffs on their claim for unreasonable delay or denial in paying insurance benefits, you must determine the total dollar amount of the covered benefits for which payment was delayed or denied without a reasonable basis.

C.J.I.(Civil) 25:10

PLAINTIFFS' PROPOSED INSTRUCTION NO. 19
Disputed by Defendant

Plaintiffs, Anita and Jasper Bertisen, have the burden of proving, by a preponderance of the evidence, the nature and extent of their damages. If you find in favor of the Plaintiffs, then you must determine the total dollar amount of the Plaintiffs' damages, if any, that were caused by the bad faith breach of insurance contract by the Defendant The Travelers Home and Marine Insurance Company.

In determining these damages, you shall consider the following:

1. Any noneconomic losses or injuries that Plaintiffs have had or will probably have in the future, including:

2. Any economic losses that Plaintiffs have had or will probably have in the future, including the expense of going to appraisal.

C.J.I. (Civil) 25:9

<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 20</u>

The defendant, The Travelers Home and Marine Insurance Company, is a corporation and can act only through its officers and employees. Any act or omission of an officer or employee while acting within the scope of their employment is the act or omission of the defendant corporation.

C.J.I. (Civil) 8:23

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2024, I filed a true and correct copy of the foregoing with the Court's CM/ECF system, which will send service of the same to the following email addresses:

Brian Devilling
bdevilling@fgppr.com

Matt Ponzi
mponzi@fgppr.com

*Attorneys for Defendant*

*s/ Katherine E. Goodrich*
Katherine E. Goodrich
